IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Court File No.: 00CV1241PAM/JGL

Target Stores, a division of Target Corporation, a Minnesota corporation,

Plaintiff,

vs.

MicroTouch Systems, Inc., a Massachusetts, corporation,

Defendant and Third-Party Plaintiff,

vs.

Fair Electronics Co. Ltd. a/k/a ETC Group, a Taiwanese corporation, Viewmagic, Inc. a/k/a ETC Computer, Inc., a California corporation, Wang Global, a Delaware corporation, GetronicsWang Co. LLC, a Delaware limited liability company, and Bishop Fixture & Millwork, Co., a Minnesota corporation.

Third-Party Defendants.

**STIPULATION ~~FOR~~ AND PROTECTIVE ORDER**

The parties to this action agree that confidential information will be produced during the course of this action; and

The parties to this action hereby stipulate and agree to a Protective Order governing disclosure of confidential information in this matter subject to approval by the Court:

FILED 2-20-01
FRANCIS E. DOSAL, CLERK

DATED: 2·15·01

ARTHUR, CHAPMAN, KETTERING,
SMETAK & PIKALA, P.A.

Thomas A. Forker

Thomas A. Forker (#246682)
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, MN 55402-3214
(612) 339-3500
*Attorneys for Defendant and Third-Party Plaintiff*

DATED: 2-15-2001

FAEGRE & BENSON LLP

John B. Gordon ( #36237)
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 336-3000
*Attorneys for Plaintiff*

DATED: 2/15/01

CONLEY & BORGESON

Gay B. Urness (#011855)
Court International Building
2550 University Avenue West, Suite 220 South
St. Paul, MN 55114
(651) 603-1510
*Attorneys for Third-Party Defendant*

DATED: 2/15/01

LEONARD, STREET AND DEINARD

Jennifer Wilson (#0281037)
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500
*Attorneys for Third-Party Defendant*

PARSINEN, KAPLAN, ROSBERG
& GOTLIEB, P.A.

DATED: 2/15/01

David Orenstein (#121447)
100 South Fifth Street, Suite 1100
Minneapolis, MN 55402
(612) 333-2111
*Attorneys for Third-Party Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Court File No.: 00CV1241PAM/JGL

Target Stores, a division of Target Corporation, a Minnesota corporation,

Plaintiff,

vs.

MicroTouch Systems, Inc., a Massachusetts, corporation,

Defendant and Third-Party Plaintiff,

vs.

Fair Electronics Co. Ltd. a/k/a ETC Group, a Taiwanese corporation, Viewmagic, Inc. a/k/a ETC Computer, Inc., a California corporation, Wang Global, a Delaware corporation, GetronicsWang Co. LLC, a Delaware limited liability company, and Bishop Fixture & Millwork, Co., a Minnesota corporation.

Third-Party Defendants.

---

**PROTECTIVE ORDER**

Plaintiff, Target Stores ("Target") and Defendant and Third-Party Plaintiff, MicroTouch Systems, Inc. ("MicroTouch") and Third-Party Defendants, Fair Electronics Co. Ltd. ("Fair Electronics"), Viewmagic, Inc. ("Viewmagic"), Bishop Fixture & Millwork, Co. ("Bishop") and Third-Party Defendant/Counterclaimant Wang Global ("Wang"), and GetronicsWang Co. LLC ("GetronicsWang"), possess confidential and proprietary information that may relate to the subject matter of this action. The parties recognize that in the course of discovery proceedings it may be necessary to disclose such information to the other parties, but the parties wish to ensure that adequate precautions are taken to protect the information. Accordingly, the Court enters this Protective Order for the protection of the parties' confidential information.

**Definition**

1. CONFIDENTIAL information means any document or thing designated by a party (including a third-party) in good faith as confidential, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or during trial, information revealed during depositions, and information revealed in interrogatory answers or other written disclosures. In general, CONFIDENTIAL information may include and may be claimed with respect to trade secrets or other confidential research, development or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, such as (a) information of a financial nature, (b) marketing information, (c) information relating to product developments, (d) licensing information, or (e) any other information reasonably deemed to be of a confidential or proprietary nature by the designating party. The parties shall endeavor to limit the use of the CONFIDENTIAL designation to those documents and materials that genuinely warrant the protection provided by the terms of this Order.

**Designation of Information**

2. All CONFIDENTIAL information produced or disclosed in this litigation shall be clearly and prominently marked as follows:

> "(TARGET or MICROTOUCH or FAIR ELECTRONICS or VIEWMAGIC or WANG, or GETRONICSWANG or BISHOP) CONFIDENTIAL CA No. 00CV1241"
>
> "Confidential" or "Subject to Protective Order" or with an equivalent designation.

This marking shall be applied to every single-page document, and on the initial page or cover of a multi-page document (including deposition transcripts) and on all pages in a multi-page document that contain any CONFIDENTIAL information. In addition, this marking shall be applied in a prominent location on the exterior of any tangible object.

In lieu of marking originals, the party may mark the copies that are produced or exchanged.

3. It is contemplated that one or more of the parties may make available certain files for inspection by another party, and that such files may contain CONFIDENTIAL as well as non-confidential information. In order to protect any CONFIDENTIAL information contained in files made available for inspection, all documents inspected from such files shall be treated as CONFIDENTIAL, until the producing party supplies copies of documents designated for production. Such copies shall be marked in accordance with the provisions set forth above.

4. If, during the course of discovery in this action, a party, or its representative, is authorized to inspect another party's facilities, all information made available as a consequence of the inspection shall be deemed CONFIDENTIAL information. All documents and things inspected shall be treated under paragraph 3 above, and all notes, abstracts, copies, summaries and memoranda relating to the information made available as a consequence of the inspection shall be treated under paragraph 17 below.

5. Whenever a deposition involves disclosure of CONFIDENTIAL information, the following procedure shall be followed:

a. At the request of the party whose CONFIDENTIAL information is disclosed, the reporter shall bind those portions of the transcript containing CONFIDENTIAL information separately. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript of depositions as containing CONFIDENTIAL information after transcription, provided that written notice of such designation is given to the other party within 15 days of receipt of the transcript from the court reporter. Following such notice, the parties shall confer as to the most convenient way to segregate the designated portions of this transcript. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in paragraphs 9 and 10 hereof prior to the expiration of the 15 day notice period, except

that portions of transcripts may be filed under seal with the Court in connection with these proceedings at any time.

b. The cover of any deposition transcript containing testimony which has been designated CONFIDENTIAL information shall be prominently marked with the designation referred to in paragraph 2.

6. When written discovery responses (e.g., written responses to requests for production, interrogatory responses, and responses to requests to admit) contain CONFIDENTIAL information, the designating party will mark the cover page and each page containing CONFIDENTIAL information with the required designation.

7. If any CONFIDENTIAL information is included with or the content thereof is in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Court, such documents and related materials shall be filed in sealed envelopes prominently marked with (i) the caption of this case, (ii) the identity of the party filing the envelope, and (iii) the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY AGREEMENT OF THE PARTIES OR AT THE DIRECTION OF THE COURT**

**Use of Confidential Information**

8. CONFIDENTIAL information shall be maintained in confidence according to the terms of this Order, may be disclosed only as provided in paragraphs 9 and 10 and shall be used solely in the preparation, prosecution or trial of this action. Nothing herein shall prevent disclosure of any item of CONFIDENTIAL information (1) by the party who designated the item CONFIDENTIAL information or (2) to any employee of the designating party, or (3) any person who authored or received the item prior to its production to the other party.

9. Subject to the provisions of paragraph 10 below, CONFIDENTIAL information shall be restricted to the Court and its officers and to the following counsel, including their necessary support personnel:

a. For Target: the firm of Faegre & Benson;

b. For MicroTouch: the firm of Arthur, Chapman, Kettering, Smetak & Pikala, P.A.;

c. For Fair Electronics and Viewmagic: the firms of Parsinen, Kaplan, Rosberg & Gotlieb, P.A., and Clayton & McEvoy P.C.;

d. For Wang and GetronicsWang: the firms of Leonard, Street and Deinard, P.A., and Hale and Dorr L.L.P.; and

e. For Bishop: the lawyers practicing at Conley & Borgeson.

10. a. Prior to disclosure of CONFIDENTIAL information of another party to an outside independent expert or consultant employed by counsel for assistance in the preparation, prosecution or trial of this action, counsel for the party that has received such CONFIDENTIAL information shall provide such expert or consultant with a copy of this Order, and shall require such expert or consultant to execute the declaration shown in Exhibit A. Through that declaration the expert or consultant acknowledges that he or she is familiar with the provisions of the Protective Order, will abide by them, and will agree to this Court's jurisdiction to enforce them. Each outside expert or consultant who will receive another party's CONFIDENTIAL information shall make a representation, as part of the declaration shown in Exhibit A, that he or she is not, and has not been previously, an employee, agent, or consultant for any of the other parties in this case (i.e., other than the party seeking to retain the expert or consultant), or any of such parties' competitors, to the best of his or her knowledge. Such declaration shall be kept by the employing counsel for reference should such be necessary. For a business organization retained as a consultant, the declaration shall be signed by a person authorized to bind the business organization who shall advise any other personnel

of such consultant to whom CONFIDENTIAL information is disclosed of the obligations imposed by this Order. If a party wishes to retain an expert or consultant who cannot make all the representations required by Exhibit A, that party shall identify such expert or consultant to the other parties and shall not disclose such parties' CONFIDENTIAL information to such expert or consultant for two (2) weeks, during which time any of the other parties may object to the disclosure of its CONFIDENTIAL information to such expert or consultant. An objecting party shall state the basis for its objection. If any party objects, no disclosure of such party's CONFIDENTIAL information shall be made to such expert or consultant until the matter is resolved.

b. CONFIDENTIAL information may be disclosed to court personnel and court reporters/videographers retained to record and/or transcribe testimony in this Civil Action, provided they have been made aware of the provisions of this Protective Order.

c. CONFIDENTIAL information may be disclosed to personnel of photocopy firms engaged by a party, provided they have been made aware of the existence of this Protective Order.

**<u>Information Designation Issues and Inadvertent Disclosure</u>**

11. The restrictions set forth in any of the preceding paragraphs shall not apply to:

a. any information which at the time of disclosure is available to the public;

b. any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel, expert or independent consultant; and

c. any information which the receiving party, its counsel, expert or independent consultants can show (i) as a matter of written record was already known to the receiving party from legitimate sources, (ii) as a matter of written record was independently developed by the receiving party, (iii) was obtained from

the producing party without designation as CONFIDENTIAL information (subject to the provisions and circumstances provided for in this Order) or (iv) was received after the time of disclosure hereunder from a third-party having the right to make such disclosure and was not required to be held in confidence.

12. The receipt of any document or thing designated as CONFIDENTIAL information by a party shall not be construed as an agreement by the receiving party that the document or thing is in fact CONFIDENTIAL, and shall not operate as a waiver of any party's right to challenge such designation as provided herein.

13. The parties shall attempt to resolve disputes with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL information through negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. Until the issue is resolved, the information shall be treated in accordance with its markings.

14. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL information, and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL shall rest on the designating party, except that the burden of proving any exception set forth in paragraph 11 shall rest on the party asserting the exceptions.

15. a. If a party inadvertently discloses any document or thing containing information it deems CONFIDENTIAL without designating it as CONFIDENTIAL information, the disclosing party, upon discovery of such inadvertent disclosure, promptly shall inform the receiving party in writing and the receiving party shall thereafter treat the information as CONFIDENTIAL

information under this Order and shall not thereafter assert that such disclosure waived any confidentiality. To the extent such information may have been disclosed to persons other than authorized persons described in paragraphs 9 and 10, the receiving party shall make a reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

b. If a producing party inadvertently discloses to a receiving party information that the receiving party has reason to believe is privileged or otherwise immune from discovery, the receiving party, upon discovery of such disclosure, shall promptly advise the producing party and shall return such documents. If a producing party discovers that it inadvertently or mistakenly produced documents that are privileged or otherwise immune from discovery, the producing party shall inform the receiving party of the error and the receiving party shall promptly return such documents and any and all copies of such document. No party to this action shall thereafter assert that such inadvertent or mistaken disclosure waived any privilege or immunity. The party having returned inadvertently or mistakenly produced documents may challenge the producing party's privilege or immunity claim on other grounds.

16. Promptly upon completion of the litigation, each party shall return to the other party or destroy all documents in its possession designated by the other party as CONFIDENTIAL information, and all copies thereof, and shall destroy all extracts, excerpts and summaries of data from such documents in its possession, except that trial counsel for each party may retain one copy of any such CONFIDENTIAL information appended to a pleading or written disclosure and one copy of any deposition transcript containing such information for record purposes only.

**Other**

17. The substance or content of any CONFIDENTIAL information, as well as any notes, abstracts, copies, summaries and memoranda relating thereto, will not be disclosed to or accessible

by anyone other than a person qualified to obtain CONFIDENTIAL information pursuant to this Protective Order, and any such notes, abstracts, copies, summaries and memoranda will be treated as CONFIDENTIAL information in all respects.

18. Should any party or person qualified to have access to CONFIDENTIAL information under this Protective Order receive any request for CONFIDENTIAL information produced by a party in this Civil Action, whether through formal compulsory process or lawful authority of a court or otherwise, prior to responding thereto, the party or person will serve written notice of receipt of the request on the party whose information has been requested in order or allow that party to give its consent or to move an appropriate court or tribunal for a ruling respecting the necessity of compliance with the request.

19. Upon final termination of this Civil Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order will continue to be binding upon all parties or persons subject to its terms, and the Court will retain jurisdiction for enforcement of this Order.

20. Third-parties who are requested to produce documents or things or provide testimony in this Civil Action may avail themselves of the provisions of this Protective Order and designate

documents, things or testimony containing CONFIDENTIAL information in accordance with the provisions of this Order, or may seek a further protective order for the Court.

21. This Protective Order will not be used by any party in this Civil Action as evidence in support of or against any claim, defense or counterclaim in this action. The parties at a pre-trial conference before the Court shall discuss the procedure to be followed as to the use of CONFIDENTIAL information at trial.

22. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of

documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

23. It will be the duty and responsibility of counsel of record to ensure that documents and things containing CONFIDENTIAL information subject to counsel's control will at all times be kept in a safe and secure fashion to ensure that the information is not disclosed to or made accessible to persons other than those specifically authorized to review CONFIDENTIAL information under this Protective Order. Counsel of record will be directly responsible to the Court for fulfilling these responsibilities.

IT IS SO ORDERED this 20 day of Feb, 2001

United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Target Stores, a division of Target Corporation, a Minnesota corporation,

Court File No.: 00CV1241PAM/JGL

Plaintiff,

vs.

MicroTouch Systems, Inc., a Massachusetts, corporation,

Defendant and Third-Party Plaintiff,

vs.

Fair Electronics Co. Ltd. a/k/a ETC Group, a Taiwanese corporation, Viewmagic, Inc. a/k/a ETC Computer, Inc., a California corporation, Wang Global, a Delaware corporation, GetronicsWang Co. LLC, a Delaware limited liability company, and Bishop Fixture & Millwork, Co., a Minnesota Corporation.

Third-Party Defendants.

---

**Declaration Concerning Receipt of CONFIDENTIAL Information**

I,______________________________ (printed name), declare as follows:

1. I have been requested by counsel for ______________________________ _______________ to assist counsel with the preparation, prosecution, or trial of this action and am informed by counsel that my role will require me to receive materials designated as CONFIDENTIAL under a Protective Order.

2. I have read and understand the terms of the Protective Order entered in this case (dated _______________). I agree to abide by the terms of the Protective Order and will not disclose any information designated as CONFIDENTIAL information except as allowed by the

**EXHIBIT A**

protective Order and will not use such information other than in my role in assisting counsel in this case.

3. I am not an employee of any of the parties in this case. I am not, and have not been previously, an agent or consultant for any of the other parties in this case, or any of such parties' competitors, to the best of my knowledge.

4. I agree to submit to the jurisdiction of the Court that entered this Protective Order for enforcement of the undertakings I have made here and I appoint______________________________
____________________________________________ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

I declare under penalty of perjury that the foregoing is true and correct. Executed on
_______________________________(date).

______________________________________
(Signature)

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

*Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.