UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Target Stores, a division of Target Corporation, No. 00-CV-1241 PAM/JGL

Plaintiff,

vs.

MicroTouch Systems, Inc.,

Defendant and Third-Party Plaintiff,

vs.

ETC Group, a/k/a Fair Electronics Co., LTD.; et al.,

Third-Party Defendants.

---

**STIPULATION, MOTION, AND ORDER AMENDING PRETRIAL SCHEDULE**

---

**Stipulation & Motion**

The undersigned attorneys, representing all the Parties in this action, jointly move this Court by this stipulation for an order enlarging all the dates and deadlines in the Pretrial Schedule (July 10, 2000) by six months. The Parties make their motion on the following grounds:

1. **Delay in testing touchscreens.** This action concerns a claim by Target against its former vendor MicroTouch, which supplied touchscreens for Target's "Club Wedd" Gift Registry, through which couples can register for, and their wedding



FILED JUN 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

guests and other friends can buy, wedding gifts. A key dispute in this matter is why MicroTouch's touchscreens failed. When the action was commenced, Target and MicroTouch—who were then the only Parties—stated in their joint Rule 26(f) report that "[t]he Parties recommend that mediation occur in the late fall of 2000, after any additional parties have been added and the Parties have taken discovery regarding why the malfunctioning touchscreens failed."[1] Target's and MicroTouch's attorneys informally agreed that MicroTouch would test the touchscreens with a view toward diagnosing why they failed, after which the Parties would voluntarily mediate their dispute. Both Target and MicroTouch hoped that the testing would establish to both their satisfaction the responsibility for the touchscreens' failures, and only if the testing was inconclusive would they proceed with extensive discovery and litigation. The joint Rule 26(f) report was based on the assumption that the testing would occur in the summer of 2000, followed by a mediation in the fall, and if necessary—that is, if the testing had not resolved the matter, and the dispute was proceeding to trial—by a formal settlement/status conference in early 2001, by which time the testing and the voluntary mediation would have already occurred. The action has proceeded according to that plan, but much more slowly than anyone anticipated. Target delivered the monitors for testing in January, MicroTouch began testing them in February, and the testing was scheduled to run through March—four to six months later than planned. As of mid-May, the testing is still incomplete, and is

---

[1]Rule 26(f) Report, (*i*) at 6 (6/26/00).

now running six to eight months behind schedule. The contemplated mediation has not yet occurred.

2. **Jurisdictional dispute.** MicroTouch has served a third-party complaint joining as Third-Party Defendants ETC Group, a/k/a Fair Electronics Co. LTD.; and Viewmagic, Inc., a/k/a ETC Computer, Inc. MicroTouch claims that ETC or Viewmagic was negligent and breached its warranties with respect to defective resistors in the monitors. Viewmagic and Fair are seeking a dismissal for lack of personal jurisdiction. The Pretrial Schedule (July 10, 2000) contemplated the joinder of any additional Parties by September 1, 2000. The order appointing a special process server for service upon ETC in Taiwan was not entered until January 2001,[2] more than four months after that deadline. Viewmagic's jurisdictional motion is still pending.

3. **Delay in settlement/status conference.** The Court originally scheduled a settlement conference on November 14, 2000.[3] That conference was canceled at the Parties' request, in view of their ongoing negotiation over testing the touchscreens, and was later rescheduled for March 15, 2001. That conference was canceled at certain Parties' request when MicroTouch substituted Dorsey & Whitney LLP for Arthur, Chapman, Kettering, Smetak & Pikala, P.A., as its attorneys. It now appears that the conference will not occur before July 26, 2001, more than eight months later than originally scheduled.

---

[2]Order Appoint Special Process Serv. (1/4/01).

[3]Notice Settlement Conf. (10/24/00).

For these reasons, all the Parties in this action jointly ask that this Court enlarge all the dates and deadlines in the Pretrial Schedule (July 10, 2000) by six months.

June 4, 2001.

FAEGRE & BENSON LLP

John B. Gordon, No. 36237
Brian Melendez, No. 223633
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Ph. 612.336.3447
Fax 612.336.3026

Attorneys for Plaintiff
Target Stores

May 15, 2001.

DORSEY & WHITNEY LLP

William R. Stoeri, No. 140880
Kristin S. Westgard, No. 271354
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498
Ph. 612.340.2600

Attorneys for Defendant
and Third-Party Plaintiff
MicroTouch Systems, Inc.

May __, 2001.

PARSINEN KAPLAN ROSBERG & GOTLIEB
P.A.

______________________________

Joseph M. Sokolowski, No. ______
David A. Orenstein, No. 121447
Suite 1100
100 South Fifth Street
Minneapolis, MN 55402
Ph. 612.332.2111

Attorneys for Third-Party Defendants
ETC Group, a/k/a Fair Electronics Co.,
LTD.; and Viewmagic, Inc.

May __, 2001.

DORSEY & WHITNEY LLP

______________________________
William R. Stoeri, No. ______
Kristin S. Westgard, No. ______
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498
Ph. 612.340.2600

Attorneys for Defendant
and Third-Party Plaintiff
MicroTouch Systems, Inc.

May __, 2001.

PARSINEN KAPLAN ROSBERG & GOTLIEB
P.A.

______________________________
Joseph M. Sokolowski, No. ______
David A. Orenstein, No. 121447
Suite 1100
100 South Fifth Street
Minneapolis, MN 55402
Ph. 612.332.2111

Attorneys for Third-Party Defendants
ETC Group, a/k/a Fair Electronics Co.,
LTD.; and Viewmagic, Inc.

May 16, 2001.

LEONARD, STREET AND DEINARD P.A.

James G. Bullard, No. 123249
Jennifer S. Wilson, No. 281037
Suite 2300
150 South Fifth Street
Minneapolis, MN 55402
Ph. 612.335.1500

Attorneys for Third-Party Defendants
Wang Global Corporation and
GetronicsWang Co. LLC

May __, 2001.

CONLEY, PETERSON & BORGESON

Gay B. Urness, No. 011855
220 S Court International
2550 University Avenue West
St. Paul, MN 55114-1052
Ph. 651.603.1510

Attorneys for Third-Party Defendant
Third-Party Defendant Bishop Fixture &
Millwork, Co.

May __, 2001.

LEONARD, STREET AND DEINARD P.A.

______________________________
James G. Bullard, No. 123249
Jennifer S. Wilson, No. 281037
Suite 2300
150 South Fifth Street
Minneapolis, MN 55402
Ph. 612.335.1500

Attorneys for Third-Party Defendants
Wang Global Corporation and
GetronicsWang Co. LLC

May 18, 2001.

CONLEY, PETERSON & BORGESON

______________________________
Gay B. Urness, No. 011855
220 S Court International
2550 University Avenue West
St. Paul, MN 55114-1052
Ph. 651.603.1510

Attorneys for Third-Party Defendant
Third-Party Defendant Bishop Fixture &
Millwork, Co.

for attachment to
Stip & Motion to extend
deadline
Fed Ct. File # 00-CV-1241
PAM/JGL

**Order**

Based on the foregoing stipulation, it is hereby

*Ordered*, That the dates and deadlines in the Pretrial Schedule (July 10, 2000) are enlarged by six months.

June 5, 2001.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

Hon. Jonathan G. Lebedoff
United States Magistrate Judge

M1:751930.02